IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER

ACADIA INSURANCE COMPANY,
as subrogee of PETERBOROUGH OIL COMPANY, INC.
One Acadia Commons
Westbrook, ME 04092

                Plaintiff,

v.

JASON J. TERHO
234 Lake Road
Ashburnham, MA 01434

                Defendant.

CIVIL ACTION NO.

**JURY TRIAL DEMANDED**

MAGISTRATE JUDGE Cohen

## COMPLAINT

Plaintiff, Acadia Insurance Company, as subrogee of Peterborough Oil Company, Inc., by and through its counsel, Patrick J. Loftus, III and Cozen O'Connor, hereby demands judgment against defendant, Jason J. Terho, and complains against defendant as follows:

### THE PARTIES

1. Plaintiff, Acadia Insurance Company ("Acadia"), is a corporation duly organized and existing under the laws of the State of Maine with its principal place of business located at One Acadia Commons, Westbrook, Maine, and, at all times relevant hereto, was engaged in the insurance business and was licensed to do business in the Commonwealth of Massachusetts.

2. Plaintiff's insured, Peterborough Oil Company, Inc. ("Peterborough"), at all times relevant hereto, was the owner of the real and business property located at 569 Electric Avenue, Fitchburg, Massachusetts (the "Property").

3. Defendant, Jason J. Terho ("Terho"), is an adult individual and a resident of the Commonwealth of Massachusetts maintaining a residence at 234 Lake Road in Ashburnham, Massachusetts, and, at all times relevant hereto, was operating a retail gasoline service station at the Property pursuant to a written lease agreement dated June 1, 2000.

4. Plaintiff issued Policy No. CPA 0071164-10 to Peterborough for the period September 30, 2001, through September 30, 2002, insuring the Property.

5. Plaintiff has made payments to Peterborough under the aforementioned policy in an amount in excess of $180,000.00 for damages sustained as the result of a fire that occurred at the Property on or about August 13, 2002, and is subrogated to the rights of its insured to the extent of its payments pursuant to the terms of the policy, and now seeks recovery of said payments.

## JURISDICTION AND VENUE

6. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states and an amount in controversy which exceeds Seventy Five Thousand ($75,000) Dollars, exclusive of interest and costs.

7. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the event giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

8. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

9. On or about June 1, 2000, Terho entered into a written lease agreement with Peterborough for the Property.

10. Upon information and belief, Terho was to operate a retail gasoline service station at the Property.

11. On or about August 13, 2002, Terho's employee was replacing the fuel pump in a 1996 Dodge Dakota pickup truck.

12. While in the process of replacing the fuel pump, Terho's employee siphoned the gasoline from the Dodge Dakota pickup truck's fuel tank into an open container.

13. Upon information and belief, while the employee was siphoning the gasoline into the open container, Terho started to clean the garage bays with an electric shop vac.

14. Gasoline vapors from the open container traveled to the shop vac which caused a flashback fire to occur at the open container that was holding the gasoline.

15. The open container subsequently ignited and the fire quickly spread to the remaining portions of the Property.

16. As a direct and proximate result of the aforementioned fire, the Property was severely damaged and destroyed.

17. As a direct and proximate result of the aforementioned fire, plaintiff's insured suffered damage and destruction to its real and business property in an amount in excess of $180,000.00.

## COUNT I – NEGLIGENCE

18. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

19. The damage and destruction to Peterborough's Property was caused by and resulted from the negligent, careless and/or reckless acts and/or omissions and/or other liability producing conduct of Terho, by and through his agents, subagents, servants, representatives, workmen, employees and/or subcontractors acting within the course and scope of their employment. Said acts and/or omissions consisted of:

    a) causing and/or permitting the aforesaid fire;

b) causing and/or permitting the aforesaid fire to spread throughout the Property;

c) failing to extinguish the aforesaid fire;

d) failing to properly and safely siphon gasoline from a pickup truck's fuel tank;

e) improperly siphoning gasoline into an open container;

f) failing to take proper and adequate safety precautions while siphoning gasoline inside the Property;

g) failing to take proper and adequate precautions to prevent the ignition of gasoline vapors while siphoning gasoline inside the Property;

h) failing to properly hire, supervise, train and/or control his agents, subagents, servants, representatives, workmen, employees and/or subcontractors in the siphoning of gasoline while inside the Property;

i) failing to properly and adequately train and supervise his agents, subagents, servants, representatives, workmen, employees and/or subcontractors to ensure that proper and safe means and methods were used while siphoning gasoline inside the Property;

j) permitting and/or allowing his agents, subagents, servants, representatives, workmen, employees and/or subcontractors to work inside the Property in an unsafe and improper manner;

k) failing to properly and adequately train his agents, subagents, servants, representatives, workmen, employees and/or subcontractors in fire protection, fire prevention, fire safety and firefighting procedures;

l) failing to take proper and adequate precautions to protect the Property from fire or the hazards of fire;

m) failing to comply with applicable codes, statutes, regulations, and ordinances in the operation of his business, including, but not limited to, siphoning gasoline while inside the Property;

n) failing to provide proper and adequate safety rules and regulations to his agents, subagents, servants, representatives, workmen, employees and/or subcontractors while conducting their work inside the Property;

o) failing to operate his business in a safe and proper manner;

p) failing to observe proper and adequate housekeeping measures commensurate with the dangers presented by his business operations;

   q)  failing to maintain his tenant space in a safe condition to avoid the hazards of fire; and

   r)  otherwise failing to use due care under the circumstances.

20. As a direct and proximate result of Terho's negligent, careless, reckless acts and/or omissions, Peterborough suffered damage and destruction to its Property in an amount in excess of $180,000.00.

WHEREFORE, plaintiff, Acadia Insurance Company, demands judgment against defendant, Jason J. Terho, for damages in an amount in excess of $180,000.00, together with interest, costs, attorneys' fees and such other damages as may properly be awarded by this Court.

## COUNT II – BREACH OF CONTRACT

Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

21. The damage and destruction to Peterborough's Property was the direct and proximate result of Terho's breach of contract.

22. Pursuant to the aforesaid lease agreement, Terho was to comply with all statutes, ordinances, rules, orders, regulations, permits and requirements of federal, state and municipal governments and administrative bodies.

23. Pursuant to the aforesaid lease agreement, Terho was also responsible to keep the premises clean, sanitary and in an orderly condition, and to operate the business in a safe and orderly manner, allowing no fire hazards for unsanitary or dangerous conditions to exist.

24. The aforesaid fire and resultant damage and destruction to Peterborough's Property was caused by and resulted from the breach of contract of Terho, which consisted of the following acts and/or omissions:

   a)  causing and/or permitting the aforesaid fire;

   b)  causing and/or permitting the aforesaid fire to spread throughout the Property;

5

      c)      failing to extinguish the aforesaid fire;

      d)      failing to properly and safely siphon gasoline from a pickup truck's fuel tank;

      e)      improperly siphoning gasoline into an open container;

      f)      failing to take proper and adequate safety precautions while siphoning gasoline inside the Property;

      g)      failing to take proper and adequate precautions to prevent the ignition of gasoline vapors while siphoning gasoline inside the Property;

      h)      failing to properly hire, supervise, train and/or control his agents, subagents, servants, representatives, workmen, employees and/or subcontractors in the siphoning of gasoline while inside the Property;

      i)      failing to properly and adequately train and supervise his agents, subagents, servants, representatives, workmen, employees and/or subcontractors to ensure that proper and safe means and methods were used while siphoning gasoline inside the Property;

      j)      permitting and/or allowing his agents, subagents, servants, representatives, workmen, employees and/or subcontractors to work inside the Property in an unsafe and improper manner;

      k)      failing to properly and adequately train his agents, subagents, servants, representatives, workmen, employees and/or subcontractors in fire protection, fire prevention, fire safety and firefighting procedures;

      l)      failing to take proper and adequate precautions to protect the Property from fire or the hazards of fire;

      m)      failing to comply with applicable codes, statutes, regulations, and ordinances in the operation of his business, including, but not limited to, siphoning gasoline while inside the Property;

      n)      failing to provide proper and adequate safety rules and regulations to his agents, subagents, servants, representatives, workmen, employees and/or subcontractors while conducting their work inside the Property;

      o)      failing to operate his business in a safe and proper manner;

      p)      failing to observe proper and adequate housekeeping measures commensurate with the dangers presented by his business operations; and

      q)      acting otherwise in a manner which amounted to a breach of contract by Terho.

25. As a direct and proximate result of the aforementioned breach of contract by Terho, Peterborough suffered damage and destruction to its Property in an amount in excess of $180,000.00.

WHEREFORE, plaintiff, Acadia Insurance Company, demands judgment against defendant, Jason J. Terho, for damages in an amount in excess of $180,000.00, together with interest, costs, attorneys' fees and such other damages as may properly be awarded by this Court.

          Respectfully submitted,

BY: _____
    PATRICK J. LOFTUS, III, ESQUIRE
    BBO #303310
    9 Park Street
    Suite 500
    Boston, MA 02108
    (617) 723-7770

Attorneys for Plaintiff,
Acadia Insurance Company

OF COUNSEL:

COZEN O'CONNOR
WILLIAM E. GERICKE, ESQUIRE
1900 Market Street - Third Floor
Philadelphia, PA 19103
(215) 665-2000